## BURBANK *v.* BIGELOW.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 36.   Argued and submitted March 26, 1868. — Decided January 11, 1869.

After a cause is at issue, and on the day when it is set for trial before a jury, it is too late to take a peremptory exception that a partner with plaintiff in the transaction sued on is not a party plaintiff.

An objection in an action at law that the matter of plaintiff's demand is one of equitable cognizance in Federal courts cannot be taken for the first time in this court.

THE case is stated in the opinion.

MR. JUSTICE MILLER delivered the opinion of the court.

The case of *Breedlove* v. *Nicolet and Siggs,* 7 Pet. 413, disposes of the only question raised by the record in the present case.

That was an action in the Circuit Court of the United States for the District of Louisiana, brought by Nicolet and Siggs as partners, in which, after issue taken on pleas in bar of the action, the defendants on the day set for trial filed a plea averring that Musson and others were also partners with plaintiffs, and citizens of Louisiana. The plea was stricken out by order of the court on the ground that it came too late. This court held that such action was within the discretion of the Circuit Court, and could not be revised.

In the case before us the defendant below, plaintiff in error, filed his peremptory exception after the case was at issue, and on the day that it was set for trial before a jury, praying that the suit should be dismissed, because T. S. Burbank, a partner with plaintiff in the transaction which is the foundation of this suit, was not made a plaintiff in the case. The court overruled this exception

on the ground that it came too late. We were at first inclined to distinguish the two cases under the idea that the plea in the first case rested on the citizenship of the partners not joined in the suit, who, if joined, would have defeated the jurisdiction of the court. But it is expressly said in the opinion, that "the plea is to be considered as if the averment that Musson and others were citizens of Louisiana had not been contained in it."

The point ruled in that case is identical with the one presented here, and that decision must govern this.

The objection that the matter of plaintiff's demand is one of equitable cognizance in the Federal courts cannot prevail. No such objection was raised in the court below at any stage of the proceedings, and it cannot be permitted to a defendant to go to trial before a jury on the facts of a case involving fraud, and let it proceed to judgment on the verdict without any attempt to assert the equitable character of the suit, and then raise that question for the first time in this court.

As the record raises no other question for our consideration, the judgment of the Circuit Court is                    *Affirmed.*

*Mr. C. Cushing* and *Mr. W. W. Boyce* for plaintiff in error.

*Mr. Thomas J. Durant* for defendant in error.