GEORGE C. PERKINS *vs.* JOHN W. McDUFFEE.

*Attorney's statute qualifications must be proved, to recover for his services.*

An attorney at law cannot recover for professional services, without proof of
the qualifications required by statute ; evidence that he is a practicing lawyer
in this State is not sufficient; but he may recover for disbursements.

An objection, upon this ground, to his right to recover, is not too late, when
taken after the arguments, but before the charge of the judge.

ON REPORT.

ASSUMPSIT on account annexed, amounting to $95.83, of which

$75 were for professional services rendered by the plaintiff, as an attorney at law, to the defendant in his suit against one Bruce, and the balance for disbursements in the same case. The defence was that Mr. Perkins agreed to make no charge unless successful, and that Bruce was the prevailing party. The plaintiff denied making any such arrangement, and this was the issue tried and argued to the jury; but as the judge was about to give the charge he was requested by defendant's counsel to instruct the jury that "the plaintiff, not having proved that he possessed the qualifications, had taken the oath and paid the duty referred to in R. S., c. 79, § 20, was not entitled to recover for his professional services." The position of the case, at the time this instruction was asked for, was this: the plaintiff had testified that he was an attorney at law, practicing in Portland, was employed by the defendant, &c., as appeared by the dockets of the superior court, introduced in evidence, showing the name of Mr. Perkins under the action of *McDuffee* v. *Bruce*, and in several other cases. The papers in the Bruce suit showed that Mr. Perkins joined the issue and signed the exceptions as attorney. He contended this was sufficient evidence to go to the jury, and that the course pursued during the trial was a waiver of the objection. Thereupon it was agreed that these questions should be reserved for the determination of the full court, submitting that of damages to the jury, who assessed them at ninety-seven dollars and twenty-six cents. Judgment is to be rendered as the law requires.

*George C. Perkins*, pro se.

The objection came too late. *Smith* v. *Keen*, 26 Maine, 422. It was waived by implication. *Lewis* v. *Monmouth Ins. Co*, 52 Maine, 498; *Lawrence* v. *Chase*, 54 Maine, 199.

*M. P. Frank*, for the defendant.

This case is like that of a public school teacher. *Jose* v. *Moulton*, 37 Maine, 367. Or of a physician. *Thompson* v. *Hazen*, 25 Maine, 104; *Jackson* v. *Hampden*, 20 Maine, 40. Or any person

who is licensed. *State* v. *Crowell*, 25 Maine, 171; *State* v. *Churchill*, Id., 306; 1 Greenl. on Ev., § 79.

PETERS, J. The plaintiff cannot recover for so much of his account as consists of professional services rendered by him as an attorney and counsellor at law. The statute forbids it. R. S., c. 79, § 20, reads thus: "no person commencing practice as an attorney or counsellor at law in any other State or place, or in any court in this State, without the qualifications, oaths, and payment of the duty aforesaid, shall be entitled to demand or receive any remuneration for his professional services rendered in this State." The plaintiff produces no evidence that he has the qualifications required.

The necessity of such evidence was not dispensed with by the defendant, by allowing the plaintiff to prove, without objection, that he has been a practicing lawyer here or elsewhere. It does not follow that he can recover for professional services because he has been in the habit of rendering such services. Proof that he has appeared upon our dockets, does not show that he was authorized to do so. The facts do not go far enough to prove what the statute requires, either directly or indirectly. It was just such a case as this, (if the defendant was not legally admitted to practice) that the statute was designed to hit. It is aimed expressly at a person practicing "as an attorney or counsellor at law," who does not possess the prescribed qualifications.

Nor does the objection to the plaintiff's right of recovery come too late in the trial. He should be prepared for it; or, if surprised by the point, should have asked for delay, to obtain the necessary evidence, if obtainable. It would be too stringent a rule of practice, to exclude a party from the right of raising a point, after argument and before the charge, when fairly presented by the evidence. This court has gone in that direction no farther than to decide, that a losing party cannot avail himself of a point of law, not raised at the trial, as a ground of setting aside a verdict, on a motion for a new trial. *Whittaker* v. *West Boylston*, 97 Mass., 273;

*Lawrence* v. *Chase*, 54 Maine, 199. The earlier doctrine was not as stringent as this. See *Goddard* v. *Cutts*, 11 Maine, 440.

The plaintiff can recover the amount of his disbursements.

> *Defendant defaulted for*
> *$20.83, and interest*
> *from date of writ.*

APPLETON, C. J., WALTON, DICKERSON and VIRGIN, JJ., concurred.