⌈ 70  509⌉
⌊s78   91⌋

WEIL *v.* FINNERAN.

Opinion delivered June 21, 1902.

ATTORNEY AND CLIENT—COMPENSATION.—Where an attorney was retained to represent an heir in the settlement of an estate, upon an agreement that he should receive a certain per cent. of such heir's interest in the estate, and was discharged without cause before the estate was settled, and brought suit at once, he was entitled to recover his expenses and the value of his services, but not to recover the amount of compensation agreed upon, as the amount that would be due under the contract could not be ascertained until the estate was settled.

Appeal from Jefferson Circuit Court.

ANTONIO B. GRACE, Judge.

Reversed.

STATEMENT BY THE COURT.

Appellant sued appellee, alleging, in effect, that he was a lawyer, and that she was indebted to him in the sum of $1,000 for money expended and professional services rendered in her behalf, and asked judgment for that amount. She demanded and he filed a bill of particulars of the money expended. Thereupon she filed an answer which was, in substance, a general denial, coupled with a plea of coverture.

There was a trial, and appellant introduced the following proof: His own deposition, in which he testified, in substance, as follows: That he was a lawyer, living and practicing his profession in the city of Chicago, state of Illinois. A woman who called herself "Blanch Rolland," but whose real name was Margaret J. Greenwood, had died intestate, leaving an estate of real and personal property in Arkansas. It was only known of her personal history that

she had been married and had three children, to whom she was unknown; that she had not seen or heard of them since their childhood, and was ignorant whether they were dead or aliv, and they, if living, were then in the middle age of life. That he undertook to find these children, and, after an expenditure of $153.16, as specified in his bill of particulars, he found one of them—the appellee—in July, 1898. He informed her that Margaret J. Greenwood had died intestate, leaving an estate valued at $10,000; that she, appellee, was one of three children of deceased and heir to a third of the estate; and that he had expended $153.16 in finding her. Appellee thereupon requested, and he agreed, to represent her and do whatever was necessary to establish her descent from deceased, protect her interest in the estate, and have the same set apart to her, and put her in possession thereof, in consideration of the payment by her to him of the sum of $153.16, aforesaid, and a further sum equal to 20 per cent. of the value of her share of her mother's estate. That he immediately entered upon the performance of the contract on his part, but that on September 10, 1898, appellant discharged him and refused to let him serve her further.

J. M. White testified that he was administrator of Margaret J. Greenwood, alias "Blanch Rolland;" that she died, intestate, June 28, 1898, leaving an estate of real and personal property, of an inventoried value of $10,000, that was then in his possession. That the estate owed debts, and was in course of administration. The intestate had had three children, and that appellee was one of them.

At this point, as the bill of exceptions recites, the court, over the objection of plaintiff (appellant), discharged the jury, and dismissed the plaintiff's (appellant's) action, on the ground that the action was prematurely brought; to which ruling of the court the plaintiff (appellant) at the time excepted, and prayed an appeal to the supreme court, which was granted.

Appellant moved for a new trial on the ground that the court erred in discharging the jury and dismissing his action. The motion was heard and overruled, and appellant excepted, took a bill of exceptions, and appealed.

*Irving Reinberger,* for appellant.

Assessment of the damages should have been left to the jury. Anson, Cont. (2d Am. E.), 410; 101 N. Y. 205.

HUGHES, J., (after stating the facts.)    The appellant sued for a breach of contract.    He was entitled to recover on a *quantum meruit*.    The proof shows that he entered upon the performance of his undertaking, rendered some services, and expended under the contract for the benefit of appellee $153.16, which she was bound to repay.    That she discharged him before completion of his contract without fault on his part, so far as the proof shows.    He was certainly entitled to recover something.    He could not in this suit recover for the whole amount because the estate was in administration, and the debts not settled, and therefore his interest could not be ascertained.

In the case of *Van Winkle* v. *Satterfield*, 58 Ark. 621, it is said that "a servant who has been wrongfully discharged by his employer before the time for which he was hired has expired has these remedies: First, he may consider the contract as rescinded, and recover on a *quantum meruit* what his services were worth, deducting what he has received for the time during which he had worked. Second, he may wait until the end of the term, and then sue for the whole amount, less any sum which the defendant may have a right to recoup.    Third, he may sue at once for breach of the contract of employment. He, however, can adopt only one. If he adopts the third remedy, he can recover the damages which he has sustained down to the day of the trial, which is limited to a compensation for the injury suffered by a breach of the contract. The loss of the wages which his employer agreed to pay him constitutes the injury. What, therefore, he has suffered by reason of the loss of the wages, as a rule, is the amount of the damages he is entitled to recover."

It follows that, as the appellant adopted the third remedy mentioned above, his suit was not prematurely brought, and the court erred in so holding and dismissing the plaintiff's suit.    For which error the judgment is reversed, and the cause is remanded for a new trial.

BUNN, C. J., and BATTLE, J., not participating.