GERRY L. BROOKS *vs.* VOLUNTEER HARBOR No. 4, AMERICAN ASSOCIATION OF MASTERS, MATES & PILOTS.

Suffolk. March 2, 1919. — June 18, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Attorney at Law. Contract,* Validity.

An attorney at law, who is a member of the bar of another State but not of Massachusetts, may recover the value of professional services rendered in this Commonwealth to a client here, where it appears that, in rendering the services, he did not hold himself out as lawfully qualified to practice in the courts of this Commonwealth.

CONTRACT for $754.61, for services and expenses as an attorney at law. Writ in the Municipal Court of the City of Boston dated August 13, 1917.

The defendant, by an amended answer, alleged that, at the time the services are alleged to have been rendered, the plaintiff "was not admitted to practice law in this Commonwealth in accordance with the provisions of the Revised Laws and statutes in amendment thereof."

On removal to the Superior Court, the action was tried before *McLaughlin,* J. The material evidence and the exceptions by the defendant are described in the opinion. The jury found for the plaintiff; and the defendant alleged exceptions.

The case was submitted on briefs.

*C. W. Rowley,* for the defendant.

*C. L. Favinger,* for the plaintiff.

CARROLL, J. The plaintiff, a member of the bar of the State of Maine but not admitted to practice in the courts of this Commonwealth, sued to recover for legal services rendered to the defendant. There was evidence that he had acted, to a limited extent, as attorney of the National Association of Masters, Mates and Pilots, and while so acting had business relations with the defendant, a local harbor or chapter of the National Association.

The plaintiff testified that, at the request of the defendant's secretary, he came to Boston and met some of its officers, who sought his advice respecting a suit brought against the defendant and some of its members, pending in the Superior Court for the county of Suffolk; that he informed the defendant he was not admitted to practice in the courts of this State and it would be necessary to employ local counsel; and that on being authorized to do so, he secured the services of a Massachusetts firm of attorneys, who appeared of record in the case and conducted the defence. The defendant's answer alleges that the plaintiff was not admitted to practice law in this Commonwealth. There was evidence that the plaintiff was regularly employed by the defendant and performed services. The jury found for the plaintiff.

The only question open on this record is whether the plaintiff is prevented from recovering because not admitted to practice law in the courts of this Commonwealth. R. L. c. 165, § 45, as amended by St. 1914, c. 432, provides: "Whoever, not having been

admitted to practice as an attorney at law in accordance with the provisions of this chapter, represents himself to be an attorney or counsellor at law, or to be lawfully qualified to practice in the courts of this Commonwealth, by means of a sign, business card, letter head or otherwise," shall be punished as provided in this section.

There was evidence that the plaintiff in no way held himself out as lawfully qualified to practice in the courts of Massachusetts, that he informed the defendant he "was not admitted in the State court," and it would be necessary for it to have local counsel. The jury were carefully instructed on this point. They were told that it was for them to decide upon the evidence whether the plaintiff pretended that he had a right to appear for the defendant in the Superior Court. By their finding the jury decided that the plaintiff did not violate this statute.

The cases of *Browne* v. *Phelps*, 211 Mass. 376, and *Ames* v. *Gilman*, 10 Met. 239, are not applicable. In the first case the plaintiffs were partners; one member of the firm, who was not admitted to practice law in this Commonwealth, represented that he was an attorney and counsellor at law lawfully qualified to practice. In *Ames* v. *Gilman*, the plaintiff held himself out as an attorney at law, although not authorized to practice in this Commonwealth. In the case at bar, the plaintiff performed legal services for the defendant at its request, although a member of the bar of another State; we see nothing in the evidence to prevent him from recovering a reasonable compensation for the services so rendered.

There was no error in the charge of the presiding judge. The jury were told the plaintiff could not recover if he pretended to be an attorney or attempted to practice law while falsely representing he was authorized to practice; but that it was not a violation of law for a member of the bar of another State to consult with clients in Massachusetts or to perform legal services for them. The defendant's requests were properly refused.

*Exceptions overruled.*