### TUPPELA et al. v. MATHISON.

(Circuit Court of Appeals, Ninth Circuit. August 20, 1923.)

#### No. 3973.

**I. Parties ⌀92(1)—Motion for instructed verdict for misjoinder of parties held properly denied as too late.**

A motion for an instructed verdict on the ground of misjoinder of parties defendant was properly denied, an objection for misjoinder made at the close of the trial being too late.

**2. Parties ⌀92(1)—Misjoinder of one of several parties defendant no ground for instructing verdict for all defendants.**

A misjoinder of one of several parties defendant is no ground for an instructed verdict in favor of all defendants.

**3. Attorney and client ⌀76(1)—Discharge of attorney on ground that he was not licensed to practice where services were to be rendered held not justified.**

Where an attorney admitted to practice in the courts of Oregon, both state and federal, but not in Alaska, contracted to perform legal services, the contract expressly providing for the employment of local counsel in Alaska if the attorney should deem advisable, the client could not discharge the attorney on the ground that the attorney was not entitled to practice in Alaska, especially as comity would permit attorney to appear in Alaskan courts.

**4. Attorney and client ⌀167(2)—Evidence held sufficient to go to jury on question whether client's conduct was discharge of attorney.**

In an action by an attorney for breach of contract, evidence that client failed to furnish his papers and a list of witnesses as he had promised, that he ignored letters which the attorney sent him, and that he employed another counsel to represent him and demanded the surrender of his papers in the attorney's possession, justified the denial of defendant's motion for an instructed verdict, and the submission to the jury of the question whether such conduct amounted to a discharge of the attorney.

**5. Attorney and client ⌀167(3)—Instruction on conduct of client amounting to discharge of attorney held correct.**

In an action by an attorney for breach of contract, an instruction that the conduct of client was sufficient to operate as a discharge if it would lead an ordinary person reasonably to believe that it was intended as a discharge and that the jury might consider all of the client's acts, both of omission and commission, from the date of his contract to the date of his employment of other counsel, was correct.

⌀For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Attorney and client ⬚166(4)—Evidence held not to show negligence of attorney in delaying commencement of the action, justifying discharge.**

In an action by an attorney for breach of contract, evidence that the attorney was incapacitated by illness for a month, in view of the fact that delay in commencing suit was caused by client's failure to furnish a list of witnesses and other papers, and that without such information the attorney could not safely commence the litigation, *held* not to prove attorney's negligence in delaying commencement of the suit justifying his discharge.

**7. Trial ⬚169—Objection to form of action too late on motion for instructed verdict.**

An objection to the form of action made for the first time on motion for an instructed verdict is too late.

**8. Attorney and client ⬚158—Action for breach of contract by attorney wrongfully discharged by client held proper remedy.**

Where a contract by an attorney to perform legal services was broken by the client's wrongfully discharging the attorney, the attorney properly sued for breach of contract and not in quantum meruit.

In Error to the District Court of the United States for the District of Alaska, Division No. 1; Thos. M. Reed, Judge.

Action by Enoch E. Mathison against John Tuppela and others. Judgment for plaintiff, and defendants bring error. Affirmed.

The defendant in error, as plaintiff in the court below, alleged that as an attorney at law he entered into a contract with one Tuppela for the purpose of taking any necessary proceedings for the recovery of certain mining properties and money which the latter claimed to own; that the plaintiff as such attorney was to act for said defendant in all courts in which it might be deemed necessary to prosecute said claims, and to have the exclusive right to prosecute the same; that in consideration thereof the plaintiff was to receive as his pay one-half of the money and interests recovered by the defendant Tuppela; that the plaintiff upon his part performed said agreement and during a period of five months labored in the preparation of said cause; that said defendant without just or legal cause breached the contract and discharged the plaintiff and engaged other counsel to conduct said litigation. The defenses pleaded were: First, the plaintiff was not admitted to practice in the courts of Alaska in which jurisdiction such litigation necessarily was to be had; second, that the discharge of the plaintiff was justified by his gross negligence in not instituting suit; third, that the plaintiff obtained his contract with the defendant through fraud and imposition upon the latter. Other defenses were pleaded not necessary here to be referred to. Upon said cause of action, the jury returned a verdict for the plaintiff for $2,500 damages.

John H. Cobb, of Santa Barbara, Cal., for plaintiffs in error.

R. E. Robertson, of Juneau, Alaska, and Enoch E. Mathison, of Astoria, Or., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] It is contended that it was error to deny the defendants' motion for an instructed verdict in their favor for the reason that the defendant Cobb was not a proper party defendant, and judgment could not properly be entered against him upon the cause of action. We are not convinced that Cobb was not a proper party defendant. The instrument under which Tuppela's property was transferred to him in trust contained the provision that the trustee was to pay out of the property

transferred all debts due and owing or to become due and owing by Tuppela. But if indeed Cobb was not a proper party defendant, the objection for his misjoinder not having been made until the close of the trial, came to late. Mackay v. Fox, 121 Fed. 487, 57 C. C. A. 439. And in any view of the case, a misjoinder of one of several parties defendant is no ground for an instructed verdict in favor of all the defendants.

[3] It is urged that the motion should have been granted for the reason that the plaintiff, not being a member of the bar of Alaska, was without capacity to perform the services stipulated in his contract with Tuppela, and therefore could not recover either on the contract or a quantum meruit. The plaintiff had been admitted to practice in the courts of Oregon both state and federal. He was a regularly licensed attorney at the place where the contract was made. In drafting the contract, he made special provision for the employment of local counsel in Alaska if he should deem it advisable. To carry out his contract it was not necessary that he should have been licensed to practice in the territory of Alaska. There can be no doubt, however, that had he appeared before an Alaskan court for the purpose of representing the interests of his client, he would have been permitted to appear as counsel in the litigation, under the rule of comity generally recognized in the states and territories, which is expressed in 2 R. C. L. 940:

"It is the general practice of the courts of record in the several states to permit members of the bar in other states to appear as counsel on the trial or argument of causes. No license is necessary or proper for that purpose; the usual and proper practice being for the court in which the case is pending to grant leave ex gratia for the occasion."

The defendants cite cases such as Tedrick v. Hiner, 61 Ill. 189, in which it was held that where a person falsely representing himself to be an attorney was employed by another as such, he could not recover for his services. The rule of those cases is not applicable here. There was no deception on the part of the plaintiff as to his authority to practice as an attorney. In Harland v. Lilienthal, 53 N. Y. 438, it was held that an attorney properly qualified and practicing as such could recover for services rendered upon the employment of his client although he had not been admitted to practice in the court where the services were rendered. In Brooks v. Volunteer Harbor No. 4, 233 Mass. 168, 123 N. E. 511, 4 A. L. R. 1086, it was held that an attorney, a member of the bar of the state of Maine, but not admitted to practice in Massachusetts, could recover attorney's fees from a client at whose request he had performed legal services in Massachusetts. So in Miller v. Ballerino, 135 Cal. 566, 67 Pac. 1046, 68 Pac. 600, it was held that a person performing services in the prosecution of lawsuit at the request of a party thereto is entitled to a reasonable compensation therefor.

[4, 5] It is contended that the motion should have been granted for want of proof that Tuppela ever discharged the plaintiff as his attorney. There was evidence that Tuppela failed to send to the plaintiff his papers and his list of witnesses as he had promised, that he ignored

numerous letters which the plaintiff sent to him, and that he employed other counsel in Alaska to represent him in the litigation, and through those counsel demanded of the plaintiff the surrender of all Tuppela's papers which were in his possession. This was sufficient to justify the court in denying the motion and in instructing the jury in substance that the conduct of Tuppela was sufficient to operate as a discharge if it were such as to lead an ordinary person reasonably to believe that it was intended as a discharge and in instructing the jury in that connection to take into consideration all of Tuppela's acts both of omission and commission from the date of his contract to the date of his employment of other counsel.

[6] We find no merit in the contention that the motion should have been granted for the reason that the evidence showed conclusively that the plaintiff was guilty of such negligence as to justify his discharge. The negligence is said to consist in his delay in commencing suit. It is true that the plaintiff was incapacitated by illness for a period of a month or so, but there is no dispute of the testimony that Tuppela was to send him a list of names of witnesses and other papers in connection with the litigation. Nor is it disputed that without such information the plaintiff could not safely commence the litigation. We find in the evidence no substantial ground for the discharge of the plaintiff as attorney for Tuppela.

[7, 8] One of the grounds of the motion for an instructed verdict was that the plaintiff's remedy was on a quantum meruit and not for damages for breach of contract. No objection had been interposed to the form of the action, and it is sufficient to say that such an objection could not be made for the first time on motion for an instructed verdict. But we do not find that the form of action was inappropriate. Here was a special contract by which the attorney was to receive for his services a portion of the moneys and property recovered. The contract was broken by the client. The attorney was wrongfully discharged. In such a case, by the decided weight of authority, the attorney may recover damages for the wrongful breach of the contract. 6 C. J. 724; Watson v. Columbia Mining Co., 118 Ga. 603, 45 S. E. 460; Scheinesohn v. Lemonek, 84 Ohio St. 424, 95 N. E. 913, Ann. Cas. 1912C, 737; Weil v. Finneran, 70 Ark. 509, 69 S. W. 310; Dempsey v. Dorrance, 151 Mo. App. 429, 132 S. W. 33; Shevalier v. Doyle, 88 Neb. 560, 130 N. W. 417.

The judgment is affirmed.