## HARRIS v. CLARK.

[No. 11,676.   Filed March 12, 1924.   Rehearing denied May 14, 1924.]

1. APPEAL.—*Review.*—*Special Finding.*—*No Evidence Supporting.*—*Not Considered on Appeal.*—A special finding which is not supported by any evidence will not be considered on appeal. p. 495.

2. ATTORNEY AND CLIENT.—*Recovery for Services.*—*Admission to Bar Necessary.*—*Statute.*—Under the provisions of §997a Burns 1914, Acts 1913 p. 940, a person who engages in the business of a practicing lawyer, and renders legal services for another without having been admitted to the bar, as provided in said section, cannot recover for the services rendered. p. 495.

3. ATTORNEY AND CLIENT.—*Action for Attorney's Fees.*—*Admission to Bar.*—*Burden of Proving.*—*Statute.*—In an action to recover for services as attorney rendered in this state, the burden is upon the plaintiff to prove that he has been duly admitted to the bar in the manner required by §997a Burns 1914, Acts 1913 p. 940, nor does the fact that he is an officer of the court relieve him of such requirement on the theory that the court will take judicial knowledge of its officers. p. 497.

From Marion Superior Court (A7,822) ; *Sidney S. Miller,* Judge.

Action by Charles B. Clark and another against Elijah Harris for attorney's fees. From a judgment for plaintiffs, the defendant appeals. *Reversed.*

*Joseph R. Williams* and *Chalmers Schlosser,* for appellants.

*Martin M. Hugg* and *Bernard Korbly,* for appellee.

ENLOE, J.—The appellees brought this action to recover attorney fees, for services alleged to have been rendered by them for the appellant.   The complaint was in two paragraphs; the first being founded upon an alleged special contract as to the amount to be paid by appellant for said services, and the second upon an implied promise to pay the reasonable value of said services.

The appellant filed an answer in general denial to each paragraph of said complaint, and also an affirma-

tive paragraph, alleging a mutual rescission of said contract; he also filed a counterclaim.

The issues being closed, the cause was submitted to the court for trial, and resulted in a finding and judgment in favor of the appellees, from which judgment, this appeal is prosecuted, the error assigned being the overruling of appellant's motion for a new trial.

It is first urged by the appellant that the decision of the court is not sustained by sufficient evidence, in this, that there is no evidence that the appellees, or either of them, had ever been admitted to the bar, as an attorney at law, in any court of general jurisdiction, or of appellate jurisdiction, in the State of Indiana, as required by §997a Burns 1914, (Acts 1913 p. 940).

An examination of the evidence, as the same appears in the record in this case, does not reveal any direct testimony upon this subject. Neither of the appellees testified that they, or either of them, had ever been admitted to practice law in this state, nor were any records of any court of general jurisdiction, or of appellate jurisdiction in this state offered or read in evidence showing such admission of the appellees as attorneys at law in this state. It is true that the trial court made a specific finding that "the plaintiffs had been duly admitted as attorneys at law, and each of them had been duly admitted as an attorney at law * * * at and during the times mentioned in said complaint," but unless there is some evidence to support such finding, either directly or by legitimate inference, it must fall.

The first question, therefore, which is presented by this record is: May a person who has not been duly admitted to practice law in this state in conformity with the provisions of said Act of 1913, Acts 1913 p. 940, *supra,* recover for legal services by him so rendered?

Section 2 of said act, (Acts 1913 p. 940, §997b Burns 1914) makes it a crime, punishable by fine, or by fine and imprisonment in the county jail, to conduct a trial in any court or "to engage in the business of a practicing lawyer" in this state without having first been duly admitted to practice law as provided in §1 of said act. It is fundamental that the law will not assist a person to reap the fruits or benefit of an unlawful act —an act done in violation of law. As said in the case of *Winchester, etc., Co.* v. *Veal* (1895), 145 Ind. 506: "In the case now under consideration, the appellee having violated an express statute in loaning the money in his hands as county treasurer, and the question being before us for decision, the holding must be that he can maintain no action based upon his own illegal act. This has been the invariable decision of all courts." See, also, *Griswold* v. *Waddington* (1819), 16 Johns. (N. Y.) 438, in which case, Kent, Chancellor, said: "There is, to my mind, something monstrous in the proposition, that a court of law ought to carry into effect a contract founded upon a breach of law. It is encouraging disobedience, and giving to disloyalty its unhallowed fruits. There is no such mischievous doctrine to be deduced from the books."

In *Beecher* v. *Peru Trust Co.* (1912), 49 Ind. App. 184, it was said: "The prevailing weight of authority establishes the proposition that where a statute forbids carrying on a business without first procuring a license, paying a tax, and complying with prescribed tests, inspection, registration or the like contracts made by persons in carrying on such business are void, though the statute contains no express provision to that effect." See, also, *Bright Nat. Bank* v. *Hartman* (1915), 61 Ind. App. 440; *Skelton* v. *Bliss* (1855), 7 Ind. 77; *Sandage* v. *Studabaker Bros. Mfg. Co.* (1895), 142 Ind. 148, 34 L. R. A. 363, 51 Am. St. 165.

Under the foregoing authorities, we hold that if the appellees had not been duly admitted to practice law in compliance with the provisions of §997a Burns 1914, *supra,* they cannot recover for any such services so rendered.

The next question presented relates to the burden of proof. In the case of *Beecher* v. *Peru Trust Co., supra,* the court said: "Ordinarily it is true that the presumption is in favor of compliance with the law. But where the business, profession or acts have been made the subject of legislation, and penalties have been fixed for failure to comply with the statute, the one who asserts a right based on such business, profession or acts, is, by such law, informed that his right depends on compliance with the statute, and that he cannot rely upon inference." Upon the trial of this case, the burden was upon the appellees to establish every fact material to their right to a recovery in this case, among which facts was the one with reference to their having been duly admitted to practice law in this state. This burden they did not discharge.

Counsel for appellee seek to avoid the consequences of their failure to discharge this burden of proof by asserting that, "attorneys are officers of the court and that courts take judicial notice of their officers." Within certain limitations, the proposition contended for is true, but it has its limitations. The authorities sustain said proposition as to such notice as to officers of the court *while acting as such officers,* but when they appear before the court in the capacity of litigants, they then appear as any other private citizen, and proof must be made. In the case of *Belden* v. *Blackman* (1898), 118 Mich. 448, 76 N. W. 979, it was contended that the court would take judicial notice that the plaintiff was an attorney at the bar of that court, but the court said:

Indianapolis, etc., Traction Co. *v.* Thompson, Admr.—81 Ind. App. 498.

"There is nothing to show that the William P. Belden who is the complainant is the same William P. Belden who is an officer of this court." See, also, *Cothren* v. *Connaughton* (1869), 24 Wis. 134, and *Perkins* v. *McDuffee* (1874), 63 Me. 181.

Considering the entire record in this case, we are constrained to say, as said by Worden, C. J., in *Rock* v. *Stinger* (1871), 36 Ind. 346: "The defense has nothing in it to commend itself to favorable consideration, but, notwithstanding this, it should prevail if the rigid law is with the defendants."

The decision in this case not being supported by sufficient evidence, this cause is reversed, with directions to sustain appellant's motion for a new trial, and for further proceedings.