**CENTRAL SUPPLY CO., Inc., v. CARTER CLOTHING CORPORATION.**

Circuit Court of Appeals, Third Circuit.
September 10, 1929.

No. 3986.

Collins & Corbin and Howard F. McIntyre, all of Jersey City, N. J. (Edward A. Markley, of Jersey City, N. J., of counsel), for appellant.

McCarter & English and Gerald McLaughlin, all of Newark, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a judgment entered in the District Court in favor of the plaintiff, appellee, for the sum of $3,507.97.

On August 27, 1925, the defendant, Central Supply Company, leased to the plaintiff the third floor or loft of a building which was located at Nos. 838–856 Main avenue, in the city of Passaic, county of Passaic, N. J., for a period of ten years. The building at that time was a one-story building, and the defendant was to construct the second and third stories and give plaintiff's occupancy of the third floor "on or before the first day of January, 1926." In the event, however, that the loft was ready for occupancy on or before the 1st day of December, 1925, the plaintiff was to be permitted to take possession of it on that day. The rent was to be $11,500 per year for the first seven years payable in monthly installments of $958.33 per month. For the last three years the rent was to be $11,000 per year payable in monthly installments of $916.67. On the execution of the lease the plaintiff paid the defendant $3,000, which was to be applied on the last four months' rent in the first year. The third floor was not completed and ready for possession on January 1, 1926, in accordance with the con-

tract, and on January 4, 1926, the plaintiff wrote defendant as follows:

"Gentlemen: Under the terms of a written agreement entered into between us under the date of August 27th, 1925, you agreed to deliver to us the third loft of the premises at the above address, complete in every detail so that we could use same for our purposes, in accordance with the terms of said agreement, on or before December 1st, 1925, but in any event not later than Jan. 1st, 1926.

"Jan. 1st has now passed and our Mr. Harry Frankel has been to see you repeatedly with a view of our taking possession of the loft at once as we must now proceed with the manufacture of our garments in order to be prepared for the coming season.

"The necessity of having the premises complete in every detail not later than January 1st, 1926, was brought to your notice time and time again, not only at the time of the negotiations for the entering into of this lease, but repeatedly since that time, and you always gave us your assurance that the premises would be absolutely ready for our purposes not later than January 1st, 1926.

"Our Mr. Harry Frankel has been over to the premises several times and on December 31st, he found same in such an incomplete state, that he advised us that it would be impossible for us to have the use of said premises for at least a period of four weeks.

"Unless we can get immediate possession of these premises, which means not later than January 8th, 1926, in accordance with the terms of our agreement, we hereby beg to notify you that we will not take possession of said premises and will try to consummate other arrangements so that we may not be caught in the height of the season without a suitable factory to manufacture our goods, and we shall look to you for such damages as we may sustain as a result thereof.

"We also beg to advise you that unless we have these premises ready on or before January 8th, 1926, complete, in accordance with the terms of our agreement, we hereby notify you that we elect to cancel said agreement and we demand of you in such event the immediate return of the Three Thousand ($3,000.00) Dollars deposited with you under the terms of the agreement between us."

The premises were not ready on the 8th of January, and so plaintiff canceled the lease and brought this suit to recover the $3,000 paid as above stated and for $5,000 damages which it claims to have suffered in its business on account of the failure to complete and deliver the premises to it in accordance with the contract.

The defendant admitted that the premises were not ready for occupancy on January 1st as required by the lease, but alleged that after the lease had been made plaintiff requested certain changes and alterations relating to pillars or columns and skylights and orally agreed to any delay caused thereby, and "waived the first day of January, 1926, as the date upon which the said loft was to be entirely complete and ready for occupancy," and agreed to any delay which was caused thereby, and that "any delays which were experienced in entirely completing said building on the first day of January, 1926, were caused by the plaintiff" and were not due to any fault on the part of the defendant. The plaintiff denied this and said that there were no changes or alterations suggested or made after the execution of the lease, but that the changes and alterations to which the defendant referred were part of the original plan of construction agreed upon before the execution of the lease. Whether or not the delay in completing the building and having the third floor ready for occupancy on or before January 1, 1926, was due to changes or alterations suggested by the plaintiff after the execution of the lease was the issue which was squarely submitted to the jury. Its verdict settles the fact in favor of the plaintiff and against the defendant, and it must stand unless the court committed reversible error in the trial of the case.

The appeal is based upon 28 assignments of error, but at the argument the appellant relied principally upon assignment No. 12, which is as follows:

"The District Court erred in instructing the jury as follows:

"If on the other hand you find that this request was not made by Mr. Frankel, or was in accordance with some understanding reached before this lease was entered into, then your verdict will be for the plaintiff, the Carter Clothing Corporation, in the amount of $3,000.00."

The first five assignments are formal. Assignments 6 to 15, inclusive, and assignment 28 relate to instructions to the jury in the charge. Assignments 16 to 27, inclusive, relate to rulings of the learned trial judge on evidence in the trial.

In its brief the defendant omitted assignments 16 and 20 to 27, inclusive.

Assignment No. 19 is as follows:

"19. The District Court overruled the following question to the plaintiff's witness, Frankel:

"Q. Did you ever interview any newspaper men and make a statement to any of the newspaper authorities and in particu-

lar representatives of the New York American to the effect that you had terminated your association with your brother, Joseph Frankel?"

This is the only one to which an exception was taken. There is no suggestion in the question as to when and where the statement was made, nor of the relevancy of the question, nor was the ground of the exception stated. We do not think that this assignment is ground for reversal.

■ There were no exceptions taken to any of the other assignments, and an assignment will not ordinarily be considered on review to which an exception was not taken in the trial, for it would manifestly be unfair to convict a trial judge of error on a question of law to which his attention was in no way called. Mercantile Mut. Ins. Co. v. Folsom, 18 Wall. (85 U. S.) 237, 21 L. Ed. 827; Burbank v. Bigelow, 154 U. S. 558, 14 S. Ct. 1163, 19 L. Ed. 51; O'Connell v. United States, 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 827; Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663.

■ However, counsel for defendant says that the Act of January 31, 1928, abolishing writs of error and substituting appeals therefor, also abolished the necessity of taking exceptions in the court below. This act provides:

"Sec. 1. That the writ of error in cases, civil and criminal, is abolished. All relief which heretofore could be obtained by writ of error shall hereafter be obtainable by appeal."

"Sec. 2. (as amended by Act April 26, 1928, c. 440, 45 Stat. 466). The statutes regulating the right to a writ of error, defining the relief which may be had thereon, and prescribing the mode of exercising that right and of invoking such relief, including the provisions relating to cost, supersedeas, and mandate, shall be applicable to the appeal which the preceding section substitutes for a writ of error." 28 USCA §§ 861a, 861b.

This act, as we construe it, was not intended to modify or in any way change the rule as to the necessity of taking exceptions, and we think that it in no way did so. It does not relate to that subject.

However, we have examined the points raised in the argument to see if substantial injustice would be done or if we should consider the errors alleged, under rule 11 of this court; but we do not find that the learned trial judge erred in ruling on evidence or in his charge to the jury.

Therefore the judgment is affirmed.