## SPENCER, WHITE & PRENTIS, Inc., v. UNITED ENGINEERS & CONSTRUCTORS, Inc.

### No. 5172.

Circuit Court of Appeals, Third Circuit.

Jan. 3, 1934.

John D. Craven, of Jersey City, N. J. (Edgar A. B. Spencer, of New York City, of counsel), for appellant.

Henry H. Fryling, of Newark, N. J. (William H. Speer and Henry J. Sorenson, both of Newark, N. J., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the appellant brought suit to recover an alleged balance on a construction contract. The case was tried by a jury, and the court, on April 10, 1933, entered of record as follows:

"This case was tried before his Honor William Clark, District Judge, to whom the said cause was duly referred for trial, with a jury, in the presence of the attorneys for the parties hereto, on March 30, April 4, 5, 6, 1933. After the evidence on the part of the plaintiff had been given and the plaintiff's case had been closed the said Judge determined from the evidence that the plaintiff had not made out a case for the consideration of the jury on the second and fourth counts of the complaint and on motion of the attorney for the defendant granted a nonsuit.

"Both parties having presented their evidence and the case on both sides having been closed, the said Judge on motion of the defendant granted a nonsuit as to the first count and directed the jury to render a verdict in favor of the defendant and against the plaintiff on the third count, whereupon the jury rendered a general verdict in favor of the defendant and against the plaintiff on the third count.

"It is, on this tenth day of April, 1933, ordered that judgment of nonsuit be entered against the plaintiff and in favor of the defendant on the first, second and fourth counts and that judgment final be entered against the plaintiff and in favor of the defendant on the third count and that the costs of suit of the defendant be taxed."

It thus appears a judgment of nonsuit was ordered and a judgment entered on the second and fourth counts of the claim against the plaintiff, and the court ordered the jury to find for the defendant on the third count, which was done, and judgment entered against the plaintiff and for the defendant on the third count. No exception was taken by the plaintiff to this order or any part thereof. Notwithstanding this, the plaintiff has taken this appeal, and now seeks to assign and convict the trial judge of error in making such order. The appeal is therefore in the unsupported state referred to by this court in Central Supply Co. v. Carter Clothing Corporation, 35 F.(2d) 172, 174, where it was said: "An assignment will not ordinarily be considered on review to which an exception was not taken in the trial, for it would manifestly be unfair to convict a trial judge of error on a question of law to which his attention was in no way called."

The judgment below will therefore be affirmed, but we may add that this court has studied the proofs and given due consideration to the arguments and briefs of counsel, with the result that we find no error in the conclusions reached by the trial judge which would have sustained exceptions had they been taken, and, as the case simply concerns this contract, and no general questions of law or practice are involved, we limit ourselves to affirming the order complained of.

Judge WOOLLEY took no part in the decision in this case.