VAILL, RESPONDENT, v. NORTHERN PACIFIC RAILWAY
CO., APPELLANT.

(No. 5,026.)

(Submitted January 27, 1923.  Decided February 27, 1923.)

[213 Pac. 446.]

*Railroads—Killing Livestock—Attorneys' Fees—When not Allowable—Nonresident and Unlicensed Attorneys—Value of Services—Evidence—When Inadmissible.*

Attorneys' Fees—Nonresident and Unlicensed Attorneys' Fees not Allowable.
  1.  *Held,* under section 8958, Revised Codes of 1921, that an attorney's fee is not allowable in any action or proceeding in which attorneys' fees are allowed by law, unless the attorney has been duly admitted *and* licensed to practice in Montana, and that, though the words of the section are "duly admitted or licensed" the word "or" must be read "and," any other construction rendering the provision meaningless.
Same.
  2.  While under section 8940, Revised Codes of 1921, courts may *permit* a nonresident attorney who has been admitted to practice in his own state, to appear in a cause on motion of a duly admitted attorney in this state, they may not, under the above rule, allow a fee for his services to his client if successful.
Same—Part of Judgment.
  3.  Where an attorney's fee is properly allowable, it becomes a part of the judgment going to the litigant and not to the attorney.
Same—Value of Services of Attorney—When Evidence Inadmissible.
  4.  In an action against a railroad for the killing of livestock on its track, in which, under section 6544, Revised Codes of 1921, an attorney's fee, to be fixed by the court, may be allowed to the successful party, testimony as to the value of the attorney's services is not admissible, the question of its allowance being one for the determination of the court and not of the jury  in arriving at the amount of their verdict.

*Appeals from District Court, Mineral County; Asa L. Duncan, Judge.*

ACTION by B. E. Vaill against the Northern Pacific Railway Company.  From the judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Appeal from

_____

  1.  When word "or" may be construed as "and," see notes in 19 Ann. Cas. 922; Ann. Cas. 1913A, 1058; Ann. Cas. 1915C, 182; Ann. Cas. 1917C, 306.

the order denying new trial dismissed, and judgment reversed, with directions to grant a new trial.

*Mr. W. L. Hyde, Messrs. Gunn, Rasch & Hall* and *Mr. Milton C. Gunn*, for Appellant, submitted a brief and one in reply to that of Respondent; *Mr. Milton C. Gunn* argued the cause orally.

*Mr. Walter H. Hanson,* of the Bar of Idaho, submitted a brief.

MR. COMMISSIONER BENNETT prepared the opinion for the court.

This action was commenced by the plaintiff in the justice court of Superior township, Mineral county, to recover from the defendant the sum of $175 as the value of a cow killed by the defendant company after injury by one of defendant's trains; it being alleged that at the point of injury the track was unfenced. Defendant admitted a liability, denied that the value of the cow was $175, and offered to pay plaintiff in full settlement the sum of $100. Judgment was had by the plaintiff in the justice court for $175, $75 attorney's fees, and $12 costs; the defendant appealing to the district court of Mineral county from the judgment. On July 7, 1921, the cause came on for trial in the district court, was tried to a jury, a verdict was returned in favor of the plaintiff for $175, and judgment was entered thereon. Thereafter a cost bill was served and filed containing, among other items, one of $75 as an attorney fee. Defendant moved to retax the costs by striking the item of attorney's fees. The motion was denied. Defendant also moved for a new trial, which motion was overruled. The case is before us on an appeal from the judgment and from the order overruling the motion for a new trial.

The important questions presented involve the allowance of attorney's fees. By the terms of section 6544, Revised Codes of 1921, when an action is instituted for the recovery of loss

or damage sustained by reason of the killing of livestock, "the court in which such action shall be brought shall tax, as a part of the costs therein, a reasonable sum, to be fixed by the court, as a fee to the attorney of the prevailing or successful party for conducting such action, which said fee so fixed and allowed shall be collected in like manner as other costs."

At the trial of the action in the district court the plaintiff introduced evidence of the reasonable value of attorney's services in such an action. After the testimony was closed, plaintiff requested an instruction in the following language: "The jury are instructed that if they find for the plaintiff they may allow him judgment for such sum as may seem to them proper, not exceeding the sum of $175 for the cow, and they may also allow the plaintiff reasonable attorney's fees, not exceeding the sum of $75." This instruction the court refused to give, but modified the same by striking out the words "for the cow, and they may also allow the plaintiff reasonable attorney's fees not exceeding the sum of $75." Thereupon the defendant requested the court, among other instructions, to give an instruction as follows: "In this case the court instructs the jury not to consider the question of the amount of attorney's fees." This request was refused and no instruction was given thereon. No statement of the case was submitted, and there was no instruction defining to the jury the issues in the case.

Plaintiff was represented by a Mr. Walter H. Hanson, an attorney at law, residing at Wallace, Idaho. He had been duly admitted to practice before the highest courts in the state of Idaho, but had never been admitted to practice generally in Montana, or licensed to practice in Montana. After the testimony had been taken in the district court and the instructions settled, Mr. Gust Moser, an attorney at law, duly admitted and licensed to practice in Montana, moved that an order be made *nunc pro tunc*, entering the name of Mr. Hanson as attorney in this case. The court ruled: "The order will be made, that is, in accordance with the motion."

There are two questions presented by this situation: The first [1] one is whether a litigant who has employed a nonresident attorney may recover attorney's fees in an action where the same may be allowed when the attorney has been permitted on motion for a resident, licensed attorney, to conduct the trial of the case. It is our opinion that under the laws of this state, under the circumstances, such a recovery may not be had. See section 8958, Revised Codes of 1921, which provides: "It shall be unlawful for any court within this state to allow attorney's fees in any action or proceeding before said court in which attorney's fees are allowed by law to either party to such action or proceeding, when such party is represented by anyone other than a duly admitted or licensed attorney at law."

It is true that by the terms of section 8940, Revised Codes of [2] 1921, an attorney who does not reside in Montana, but who has been admitted, and is at the time authorized to practice law in the highest courts of his own state, may on motion of an admitted attorney of this state be *permitted* to appear as attorney in a given case within this state. This, however, does not meet the situation. Without going into the reasons for the legislation, suffice it to say that the legislature has seen fit to provide that no attorney's fees shall be allowed by any court unless the litigant is represented by an attorney duly admitted and licensed to practice in Montana.

It will be borne in mind that attorney's fees in any action [3] where the same may be allowed are a portion of the judgment going to the litigant and not the attorney. Therefore the further provisions of section 8940, *supra*, that a nonresident who is permitted to appear, "when so permitted, be entitled to the same rights and privileges * * * as an attorney duly admitted," are not in point, except to show that the person "permitted" is clearly distinguishable from one who is "duly admitted."

It cannot be said that one who is "permitted" to appear is "duly admitted," as the term is used in section 8958, *supra*. Further than this, the requirement of section 8958 is that one

must be both duly admitted and licensed. While the clause reads "duly admitted or licensed," to give effect to the language the word "or" should be read "and." Any other construction would render one or the other of the terms meaningless.

The language of section 8958, *supra,* is prohibitive, and no court has the power to allow an attorney's fee unless the litigant is represented by one who is both duly admitted to practice law, as distinguished from being permitted to appear, and who is licensed to practice as provided by the laws of this state. In the instant case neither of these conditions was present and the allowance of an attorney's fee, either as a portion of the verdict or as costs, was prohibited.

The second question is whether or not it was error for the [4] trial court to refuse to instruct the jury to disregard the question of attorney's fees, evidence having been adduced touching the value of attorney's services. It is our opinion that such refusal was prejudicially erroneous, there having been a specific request for such instruction. The defendant was entitled to an instruction withdrawing all testimony relative to attorney's fees from the consideration of the jury. The testimony was sufficient to support the verdict either on the theory that no attorney's fee was allowed, or on the theory that the value of the cow had been fixed at a lesser amount and an additional amount had been added for attorney's fees. It is impossible to determine from the verdict, under the instructions of the court, whether or not the jury attempted to allow such a fee, and since the court was prohibited by the terms of section 8958, *supra,* from making such an allowance to the plaintiff, the case should be reversed.

This conclusion would be reached regardless of the condition of the record relative to the nonresident attorney, for it must be borne in mind that in such an action as the present one the attorney's fee, if allowed at all, is allowed only as costs, and it is therefore improper to submit the case to the jury in such a condition that they may under the instructions take into con-

sideration the element of attorney's fees, and include them in the verdict.

This is particularly true, since by section 6544, *supra,* it is provided: ''That no such fee shall be allowed by the court or collected from the defendant when it shall appear from the pleadings or proof, in any such action, that the defendant prior to the institution of such action, offered or agreed to pay to the plaintiff therein   *   *   *   a sum equal to or in excess of the amount recovered as damages in said action.'' There being evidence of an offer having been made prior to the institution of the action, a case prosecuted under the statutes governing this one should be tried and submitted to the jury so that it can be clearly ascertained whether the verdict was for an amount in excess of or less than the amount offered in settlement of the claim, in order to give the defendant the benefit of the quoted provisions of section 6544. That this may be done, since the jury is not concerned with the amount of the attorney's fees, the testimony as to such fees should be excluded from their consideration.

By the terms of section 9745, Revised Codes of 1921, an appeal from an order overruling a motion for a new trial is abolished.

We recommend, therefore, that the attempted appeal from the order overruling the motion for a new trial be dismissed, that the judgment be reversed, and the cause remanded to the district court of Mineral county, with directions to grant a new trial.

PER CURIAM: For the reasons given in the foregoing opinion, the attempted appeal from the order overruling the motion for a new trial is dismissed, the judgment is reversed, and the cause is remanded to the district court of Mineral county, with directions to grant a new trial.

*Reversed and remanded.*