GERALD T. STALCUP, Plaintiff and Respondent, *v.* MONTANA TRAILER SALES & EQUIPMENT CO., Incorporated, New Western Credit Corporation, Defendants.

MONTANA TRAILER SALES & EQUIPMENT CO., Cross-Plaintiff and Appellant, *v.* GERALD T. STALCUP and GILBERT C. ROBUCK, Cross-Defendants.

No. 10980.

Submitted October 20, 1965. Decided December 17, 1965.

Rehearing denied January 27, 1966.

409 P.2d 542.

Fred N. Dugan (argued), Billings, for appellant.

Luedke & Packwood, Otis L. Packwood (argued), Billings, for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

The appellant, Montana Trailer Sales & Equipment Co., is seeking review of that part of a judgment by the District Court of the Thirteenth Judicial District, Yellowstone County the Honorable Guy C. Derry, Judge, presiding, awarding attorney's fees to the respondent, Gerald T. Stalcup. The judgment was

entered in an action on a conditional sale of a commercial motor truck and trailer by the appellant to the respondent and another. The court, sitting without a jury, found in the series of transactions between the parties that the debt had been extinguished; that the appellant was not entitled to a deficiency judgment; and that the respondent, being the successful party in the suit, was entitled to the recovery of the reasonable value of his attorney's fees. The single issue before this court is whether the court below erred in its view of the law as stated in a memorandum attached to the bill of exceptions:

"As to the question of attorneys fees, the Cross-Plaintiff's [appellant] action was based on a contract note providing for attorney fees and the Cross-Complaint asked for an allowance of attorney fees as provided by the contract. The plaintiff and Cross-Defendant [respondent] was required to defend the action based on the Cross-Complaint and his Answer thereto, and under the Montana decisions, as understood by the Court, under the situation prevailing, the right to an attorney fee went to the prevailing party, and this was the basis for the decision allowing attorney fees. It is worthy of note that at the time of the trial when this evidence was introduced showing the amount of the attorney fee incurred on behalf of the Plaintiff and Cross-Defendant, no objection was made by the Defendant, nor any contention was made, that the attorney fees was not allowable in an action where the party was defending on a cross-complaint in a note action if it were the prevailing party."

That issue is whether, in an action for deficiency after foreclosure of a Conditional Sale Contract for the sale of personal property, under the law applicable June 29, 1961, to April 24, 1962, and having particular reference to the Conditional Sales Contract involved in this action, attorney's fees were an allowable award to the successful party in the lawsuit, regardless of whether he was seller or buyer. In short, was the right to attorney's fees reciprocal?

■■ This court has consistently adhered to the principle that attorney's fees are recoverable by the successful litigant

only when expressly authorized by statute or when provided by an agreement between the parties in which their intention is clearly and explicitly stated. In determining the amount that is reasonable in the case, if not otherwise provided by statute or an agreement, the court in its discretion may follow its own rules. See Roseneau Foods, Inc., by Coleman, 140 Mont. 572, 374 P.2d 87; Tomten v. Thomas, 125 Mont. 159, 232 P.2d 723, 26 A.L.R.2d 1285; In re Mickich's Estate, 114 Mont. 258, 136 P.2d 223; McBride v. School District No. 2, 88 Mont. 110, 290 P. 252; Bovee v. Helland, 52 Mont. 151, 156 P. 416.

In support of the district court's award the respondent makes two arguments: (1) since the appellant failed to make a proper valid objection to the line of questioning concerning attorney's fees by the respondent, and in connection therewith utilized on cross-examination the respondent's testimony in setting before the court, what would be a reasonable attorney's fee had the appellant been the successful party, it cannot now be heard on the question; and (2) the court's award follows the intention of section 74-607, subd. (j), R.C.M.1947, by making provision for attorney's fees to the successful party in an action arising under a retail installment sale, even though the contract between the parties allowed by that section limits recovery of attorney's fees to the seller only.

In reply to respondent's first argument, from our examination of the record we agree with the appellant that a proper objection was made. Thus, the question in this case whether reasonable attorney's fees may be recovered by the retail buyer is properly before this court. The record states:

"Q. (By Mr. Packwood) What is a reasonable attorney fee for your services in connection with representing Mr. Stalcup in this case?

"Mr. Dugan: Just a minute. I object to it as irrelevant, incompetent by reason of the fact of the claim of Cross-Plaintiff that there is no provision for allowance for attorney's fees.

"The Court: I don't know whether it is or not. I don't recall any statement.

"Mr. Packwood: Well, Your Honor, it's my understanding that the statute provides that in an action under a conditional sales contract or foreclosure for deficiency that attorney's fees are a proper award in the event that either side is successful.

"The Court: Have they asked for attorney fees?

"Mr. Packwood: They have.

"The Court: All right, you can testify."

It is the foregoing objection that the respondent states is no objection at all, or at least not a proper objection. Though we have before us an abbreviated Bill of Exceptions, yet the transcript judgment roll including the pleadings and findings of fact reveal a hard fought complicated case where the main issue was other than the attorney fee issue here on appeal. However, following the trial court's findings, a motion to amend the findings of fact, conclusions of law and judgment was made. One of the grounds was as follows:

"2: By striking all of the Finding of Fact. No. XVIII on the grounds that the fact stated therein is wholly irrelevant, incompetent and immaterial, there being no provision generally in the law of equity, nor in the law of cancellation of contracts, nor in the law of foreclosure of Conditional Sale Contracts applicable to the case at bar, nor in the instruments concerned in the case at bar, authorizing or permitting the recovery of attorney's fees by a party in the situation of the Plaintiff."

Finding of Fact No. XVIII referred to is that concerning attorney's fees. Thus, this issue was fairly presented to the trial court, and by memorandum the trial court made it clear that it adopted respondent's reasoning that attorney's fees under this situation were reciprocal in nature.

In answering respondent's second argument, we observe that section 74-607, subd. (j), R.C.M.1947, differs from other sections of our statutes governing recovery of attorney's fees. It is a permissive statute and is designed to inform the holder of a retail installment sale contract, which under section 74-602, subd. (n) is defined to mean the retail seller or his assignee, what he may recover in addition to damages when the

contract has been breached by the buyer. It says nothing with reference to the rights of the buyer should he successfully resist the action on the contract.

Specifically, with reference to attorney's fees, section 74-607, subd. (j), states that "the contract may provide for the payment of attorney's fees not exceeding fifteen per cent (15%) of the amount due and payable under such contract where such contract is referred for collection to an attorney not a salaried employee of the holder of the contract * * *." This language is simply a limitation on the amount which a seller may recover in attorney's fees from a defaulting buyer, if such provision is found in the agreement between the parties. No right arises from the statute. If a right to attorney's fees arises in a case, that right must be found in the contract of the parties where their intention concerning the matter is clearly and explicitly stated. Our quest, therefore, is for the intention of the parties as expressed in their agreement. Should we find a right expressed therein favoring the seller, then because of this statute, we cannot allow a greater recovery for attorney's fees than the statutory limit.

In the conditional sale agreement for this retail install-ment sale appears the following sentence: "In addition, Buyer agrees to pay a reasonable attorney's fee not in excess of 15% of the amount due and payable under this contract if this con-tract is referred to an attorney not a salaried employee of the holder of this contract for collection * * *." Nothing is said regarding the recovery of attorney's fees should the buyer suc-cessfully resist the action. Since the contract is silent and offers no evidence that the parties so intended that the buyer recover attorney's fees in the event he was the successful liti-gant, we must conclude that the stipulation of the parties granted the limited right to recovery to the seller only. The right is not reciprocal because the contract does not make it reciprocal.

Respondent cites no other statute under which the court's award could be upheld.

Therefore, the judgment of the district court is modified by deleting therefrom attorney fees to the respondent. In all other particulars it is affirmed. Since, as is clear from the record and the foregoing discussion, the district court was not wholly and properly informed and advised by counsel for appellant here, costs on this appeal are to be borne by appellant under authority contained in R.C.M.1947, § 93-8606.

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and CASTLES concur.