No. 13020

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

JULIUS H. WINER, M.D., and
MARTIN M. EVEN, M.D.,

       Plaintiffs and Appellants,

-vs-

JONAL CORPORATION, a Montana
corporation; MIDWEST PACIFIC DEVELOPMENT
COMPANY, a Montana Corporation; WESTERN
STATES SALES COMPANY, a Montana Corporation;
WILLIAM K. STRICKFADEN and FRANCIS G.
STRICKFADEN, husband and wife; ALLEN R. BLUM;
JOHN G. SWINFORD; ROBERT PAULIN; DOROTHY JEAN PAULIN;
and PAUL KALLMAN,

       Defendants and Respondents.

---

Appeal from: District Court of the Thirteenth Judicial District,
       Honorable Robert Wilson, Judge presiding.

Counsel of Record:

    For Appellants:

        Pedersen, Herndon and Harper, Billings, Montana
        Bruce Harper argued, Billings, Montana
        Schulhofer and Bramble, Beverly Hills, California

    For Respondents:

        Towe, Neely and Ball, Billings, Montana
        Kallman & Levenberg, Los Angeles, California
        Allen R. Blum, Beverly Hills, California
        James N. Barber, Salt Lake City, Utah

---

            Submitted: December 3, 1975

            Decided: FEB - 5 1976

Filed: FEB - 5 1976

*Thomas J. Kearney*
               Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal is from an award granting attorney fees arising out of an action on an agreement between Julius H. Winer, M.D. and Martin M. Even, M.D., plaintiffs and appellants herein, and the Jonal Corporation, an entity organized under the laws of Montana, its president Allen R. Blum, and its vice-president John G. Swinford, defendants and respondents herein. Several other parties were named and joined to the action for various reasons, among them defendants William K. and Francis G. Strickfaden; attorney Paul Kallman representing Blum and appearing pro se; and two other Montana corporations, Midwest Pacific Development Company and the Western States Sales Company. Two others, Robert and Dorothy Jean Paulin were parties to a related contract with the Jonal Corporation, and were joined as defendants as necessary and proper parties.

On March 10, 1970, Winer and Even executed a written agreement providing for a loan to the Jonal Corporation in the amount of $51,000 on a five year promissory note. The note was to be secured by an undivided one-half interest in certain real property located in Billings, Montana. At about the same time, Robert and Dorothy Paulin agreed to loan Jonal Corporation $52,500 on an identical note secured by the remaining undivided one-half interest in that same real property.

In late 1971, Winer and Even were contacted by Blum and informed the Jonal Corporation was experiencing serious financial difficulty. This began a series of negotiations which, on February 25, 1972, culminated in an agreement cancelling the promissory notes of 1970 and replacing them with a promissory note in the amount of $137,500. This note represented an obligation owed by Western State Sales Company to William K. Strickfaden.

- 2 -

The note had been assigned by Strickfaden to Midwest Pacific Development Company, the parent of Jonal Corporation a wholly owned subsidiary.

Several days prior to the execution of this new agreement, Strickfaden filed a suit in federal district court together with a notice of lis pendens, against Jonal Corporation, Midwest Pacific Development Company, Blum and Swinford. These documents referred to the same property as that described in the original agreement of March 10, 1970, and purported to restrain the sale or transfer of that property pending the outcome of the litigation. The suit was settled several months later by a stipulation which also transferred control of Jonal Corporation to Strickfaden.

On December 15, 1972, Winer and Even and Paulins issued a satisfaction of the mortgage securing the new agreement in exchange for the sum of $100,000.

On July 28, 1972, Winer and Even filed in the district court, Yellowstone County, this action to recover damages for breach of contract and for fraud and conspiracy. Other forms of relief were also requested, among them rescission, foreclosure of an equitable lien and legal mortgage, specific performance and reformation. Trial was had on September 17 and 18, 1974, before the court sitting without a jury. The court's findings of fact and conclusions of law supported defendants and denied all relief to plaintiffs. Judgment was entered on October 8, 1974.

Appellants Winer and Even are residents of California, as are respondents Blum, Swinford, Kallman, and the Paulins. Respondents Strickfaden are residents of Colorado. No conflicts of law issues have been raised.

Appellants challenge certain findings and conclusions of the district court regarding the award of attorney fees. In paragraph 10 of the substituted agreement of February 25, 1972, this statement appears:

"10. In the event that suit is brought to
enforce this Agreement or any provision thereof
the prevailing party shall receive from the
adverse party such attorney's fees as the Court
deems reasonable."

In the context of this provision, the district court found

reasonable attorney fees and expenses incurred by these attorneys:

Paul Kallman - $3,500; James N. Barber - $1,250; Thomas Towe -

$1,000; Gary Wilcox - $675. The district court in its finding

of fact No. 26 found:

"That the Defendant Paul Kallman, had he not been
an attorney himself, would have had to employ an
attorney to defend him in this action and that he
is entitled to be paid * * * even though he acted
as his own attorney."

Appellants first contend that the award of attorney fees

to respondent Paul Kallman, a licensed California attorney, and

representing Blum, was improper. They point out the general rule

as adopted by this Court, that in the absence of contractual agree-

ment or specific statutory authority, attorney fees are not recov-

erable as costs by the prevailing party. Nikles v. Barnes, 153

Mont. 113, 454 P.2d 608; Stalcup v. Montana Trailer Sales &

Equipment Co., 146 Mont. 494, 409 P.2d 542; Kintner v. Harr, 146

Mont. 461, 408 P.2d 487; In re Mickich's Estate, 114 Mont. 258,

136 P.2d 223. It is suggested by appellants that their action

against respondents Blum and Kallman sounds in tort and not in

contract, since appellants' claims against them were based on

allegations of fraud. This claim clearly has no merit, nor is it

consistent, especially in view of appellants' consistent requests

for attorney fees in all counts of their pleadings at the trial

level.

The district court's findings regarding the award of

attorney fees are also challenged on grounds that an attorney who

appears in propria persona may not be awarded his own attorney fee.

In support of this position, appellants cite several California

cases: O'Connell v. Zimmerman, 157 Cal.App.2d 330, 321 P.2d 161;

- 4 -

City of Long Beach v. Sten, 206 Cal. 473; 274 P. 968; City of

Los Angeles v. Hunt, 8 Cal.App.2d 401, 47 P.2d 1075.

While these cases support the rule for which they are

cited, appellants neglect to comment upon the line of cases which

stand for the exact opposite. The better rule is that a party who

appears for himself, and is himself an attorney or counselor at

law, is entitled to be awarded the same costs as he would be

entitled to had he employed another. The rule and supporting

authority is reviewed at 5 Am.& Eng.Annot.Cases 834, and the

rationale stated therein derives from the application of plain

common sense:

> "* * * It can make no difference to the defeated
> party, who is by law bound to pay the costs of the
> attorney of the prevailing party * * * whether that
> attorney is the prevailing party himself or another
> attorney employed by him. He, like any other pro-
> fessional man, is paid for his time and services,
> and if he renders them in the management and trial of
> his own cause it may amount to as much pecuniary loss
> or damage to him as if he paid another attorney for
> doing it. * * *"

See also 20 Am Jur 2d, Costs §78.

The district court's finding No. 26 is amply supported

in both law and policy, and was therefore not error.

Appellants also attack the district court's actions

regarding the award of attorney fees as being in excess of its

jurisdiction under section 93-2023, R.C.M. 1947, which provides:

> "It shall be unlawful for any court within this
> state to allow attorneys' fees in any action or
> proceeding before said court in which attorneys'
> fees are allowed by law to either party to such actions
> or proceeding, when such party is represented by any-
> one other than a duly admitted or licensed attorney
> at law."

This Court first construed the provision cited above in

1923. It was held that an attorney who has not been licensed to

practice in the state of Montana may not recover attorney fees,

although district courts may still permit such attorneys to conduct

a particular case. Vaill v. Northern Pacific Railway Co., 66 Mont.

301, 213 P. 446. This view has been examined and adopted by a

number of other jurisdictions. See Annot., 11 ALR3d 907.

An opposing view has evolved from Brooks v. Volunteer Harbor No. 4, 233 Mass. 168, 123 N.E. 511, 4 A.L.R. 1086, wherein it was held that an attorney licensed in one state may recover for services rendered in a state in which he is not duly licensed, if he initially discloses that fact to his client and further informs him of the necessity to associate with local counsel. This is a rule which, in all fairness, we feel impelled to adopt. We find that such an interpretation is better suited to the modern practice of law and in the interests of promoting comity between the states. Such a rule is particularly appropriate in cases such as the instant one, where the attorney in question is a member in good standing of the California Bar. Under these circumstances, neither the spirit nor the intent of section 93-2023, regulating the right to practice law in this state, has been violated.

These statements appear in Freeling v. Tucker, 49 Idaho 475, 289 P. 85, 86, regarding the purpose of statutes such as Montana's section 93-2023:

> "* * * The statutes above referred to governing admission to the bar in this state, requiring a license to practice law in this jurisdiction and providing a penalty for violation of their provisions, are obviously aimed at persons who hold themselves out as qualified to, or actually carry on the business of practicing law in this jurisdiction without the proper credentials to do so, in flagrant disregard of the requirements. Respondent has not offended the spirit or intention of these statutes, the facts of this case showing it to be one calling for the application of the rule permitting an attorney from a sister state, regularly admitted and licensed to practice therein, to make appearance in the courts of this state, as a matter of comity, incident to the disposition of a particular matter isolated from his usual practice in the state of his residence."

Vaill v. Northern Pacific Railway Co., supra, must be overruled.

The judgment of the district court is affirmed.

_____
Justice

- 6 -

We Concur:

_Chief Justice_

_Wesley Castles_

_Frank I. Haswell_

_Justices._