No. 84-69

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN RE THE MARRIAGE OF

GERALD LAWRENCE GAHR,

Petitioner and Appellant,

and

LUCINDA GAHR,

Respondent and Respondent.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Robert M. Holter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hash, Jellison, O'Brien & Bartlett, Kalispell,
Montana

For Respondent:

Robert B. Allison, Kalispell, Montana

Submitted on Brief:   July 17, 1984

Decided:  October 11, 1984

Filed:   OCT 11 1984

_Ethel M. Harrison_
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Eleventh Judicial District, Kalispell, Montana, denying petitioner's motion for disqualification of the trial judge for bias, and assessing costs and attorney fees. Respondent did not file a brief with this Court. We affirm in part and reverse in part.

On August 31, 1983, Gerald Lawrence Gahr filed a petition for dissolution and custody. He alleged that he and his wife, Lucinda, and their three children had just returned from a five-year residence in Canada, and that he feared that Lucinda was planning to take the children back to Canada. At the time Gerald filed his petition and affidavit, Lucinda was away visiting relatives in Swan Lake, Montana. Due to this, petitioner alleged he had custody of the children, and requested an order protecting that status.

That same day, Judge Keedy, the District Court Judge assigned to the matter, issued a temporary restraining order, temporary custody order and order to show cause, directing that Gerald Gahr should have temporary custody, and for both to appear for a hearing on September 8, 1983. The temporary order included a provision, as provided for by the local district court rules, that the petition for dissolution could not be dismissed without permission of the court and also directed the Flathead County Family Court Services to prepare a report on custody, support, and other matters.

The next day, September 1, Lucinda Gahr filed a special appearance motion contesting the court's jurisdiction, and also filed affidavits alleging that she, Gerald and the three children had come to Montana on August 9, 1983, to visit

relatives in Flathead County, and had planned to return to Canada at the end of the month. She requested custody of the children.

At the time the action was initiated, Lucinda was 31 years old, and Gerald was 60 years old. He was in poor health. Gerald, Lucinda, and the children are all United States citizens.

At a meeting with counsel in chambers prior to the September 8 hearing, Judge Keedy indicated that he was concerned about the question of jurisdiction. After hearing both sides, he decided that he did not have jurisdiction. He then dismissed the portion of the petition pertaining to custody, and ordered Gerald Gahr to deliver the children to Lucinda so she could take them back to Canada. Neither party was given the opportunity to present any evidence of the merits of temporary custody. That same day, Gerald Gahr filed a notice of dismissal without obtaining the permission of the court.

On September 9, Judge Keedy entered findings and conclusions, and an order denying Gerald Gahr's notice of dismissal, and pursuant to the interim report filed by the Family Court Services, directed him to deliver the children to their mother by 4:30 p.m. September 15.

On September 12, Gerald Gahr filed a motion to substitution of judge. It was denied the next day as not timely. Then, on September 15, just prior to the time delivery of the children had been ordered to take place, Gerald Gahr filed, in quick succession, a motion to amend and a motion to stay. Judge Keedy indicated that he would deny both. Finally, just minutes before the children were to be delivered to Lucinda Gahr, Gerald filed an affidavit of disqualification

3

for bias. Judge Keedy honored the affidavit to the extent of taking no further action on the case other than notifying the Chief Justice of the Supreme Court, for the purpose of calling in a judge to hear the disqualification for bias. Nonetheless, the children were, pursuant to the earlier order, delivered to Lucinda Gahr, and were promptly removed to Canada.

Judge Holter heard the disqualification proceeding. He entered findings and conclusions to the effect that the affidavit was without merit and intended to delay, and granted attorneys fees of $500 to Lucinda Gahr, and damages of $500 to Flathead County.

Appellant presents the following issues on appeal:

(1) Under the rule on disqualification, is the affiant required to present evidence of actual prejudice or bias on the part of the judge?

(2) Was the affidavit in this case sufficient?

(3) If evidence is required in a disqualification proceeding, is it reversible error for the hearing judge to make findings on material facts where there is no evidence to support the findings made?

(4) May the judge hearing a disqualification proceeding award a specific amount of attorney's fees, or attorney's fees at all, to a party or award damages in a specific amount to a non-party without any supporting evidence?

This Court, by order of June 29, 1981, superseded the prior Montana rule on the disqualification of judges. The new order was adopted to remedy the confusion caused by the prior rules. See Supreme Court Order of December 29, 1976, section 3-1-801, MCA (1979), and State ex rel Amsterdam v. District Court (1973), 163 Mont 182, 516 P.2d 378; State ex

4

rel Ross v. District Court (1967), 150 Mont. 233, 433 P.2d 778; State ex rel Grogan v. District Court (1911), 44 Mont. 72, 119 P. 174 ; State ex rel Carleton v. District Court (1905), 33 Mont. 138, 82 P. 789.

The present scheme, as set forth in section 3-1-802, MCA (1983), is simple: (1) No judge who is a party, related to a party, or who has been an attorney or counsel in the action, may preside over it. (2) In District Court proceedings, each party in a civil case has two, and the state and the defendant in a criminal case each have one, peremptory challenge(s). The peremptory challenge is automatic if it is made within 10 days of when a judge is assigned to a case. The challenged judge then has no further power to act in the action other than to call in another judge. (3) In all judicial proceedings, a judge may be disqualified for actual bias on the filing of an affidavit supporting that allegation. Upon receipt of such an affidavit, the presiding judge may do no more than to refer the matter to the Chief Justice, who, if the affidavit warrants an inquiry, will appoint another judge to hear the matter. At the hearing the judge must hear evidence supporting the allegation of bias. The disqualification for bias provision is not meant to be an additional peremptory challenge. It only applies when the moving party meets its burden of raising a strong presumption of actual bias. 46 Am.Jur.2d Judges, §219.

Appellant, in his first specification of error, points out the general rule under the former substitution provision: that proof of facts showing actual bias and prejudice is not required or permitted, citing Amsterdam, Ross, Grogan, and Carleton. These cases no longer apply under the present version of section 3-1-802, MCA.

5

Appellant next contends that the affidavit he filed was sufficient to support the disqualification of Judge Keedy. His counsel stated at the disqualification hearing that "[w]e had the feeling that the affidavit would have to stand by itself, and we don't have any further evidence to present." Under the present rule, an affidavit alone cannot support a disqualification for bias. Again, this is different from the old rule. The purpose of the affidavit under the present scheme is to (1) temporarily relieve the sitting judge of any further jurisdiction over the matter; and (2) put the Chief Justice on inquiry notice that a sitting judge may be biased in a particular action. If the Chief Justice feels the affidavit warrants inquiry, he will appoint another judge to hear evidence and look into the matter further.

Appellant next asserts that, in any event, Judge Holter based his ruling on evidence that was not presented in the affidavit or at the hearing. He particularly objects to the judge's finding that: "[a]pparently Judge Keedy determined that false representations had been made to him," and that Judge Keedy "took steps to restore the harm done by a temporary order gained by misrepresentations to him."

It is axiomatic that a judge may take notice of all the evidence properly before him, including that contained in the record. Rule 202(b)(6), Mont.R.Evid. We do not, however, reach the issue of whether a judge sitting in a disqualification hearing can consider the judicial acts committed by the challenged judge. We affirm Judge Holter on the ground that petitioner failed to meet his burden of raising a strong presumption of Judge Keedy's bias. The whole gist of petitioner's argument was that he felt he could not get fair treatment from Judge Keedy because he had denied several of

6

petitioner's previous motions. Beyond a brief chronology of the case and this conclusory argument, petitioner failed to present any evidence to meet his burden. Judge Holter properly denied petitioner's request for the disqualification of Judge Keedy.

Judge Holter awarded $500 in attorney's fees to Lucinda Gahr, and $500 to Flathead County for "damages" for the Family Court Services report. There is no provision in section 3-1-802, MCA that allows a judge to award attorney's fees to a party, or damages to a non-party, in a disqualification action. This Court has consistently held that unless a statute provides explicitly for an award of attorney's fees to the prevailing party, a court cannot make such an award. Winer M.D. v. Jonal Co. (1976), 169 Mont. 247, 545 P.2d 1094; Stalcup v. Montana Trailer Sales (1966), 146 Mont. 494, 409 P.2d 542. Judge Holter's order, to the extent that it awards costs to Lucinda Gahr and damages to Flathead County, is thereby reversed.

Affirmed in part, reversed in part.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justice

7