No. 86-145

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

JERRY LATTIN,

       Defendant and Appellant.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John Keith, Great Falls, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Dorothy McCarter, Asst. Attorney General, Helena
        Patrick L. Paul, Cascade County Attorney, Great Falls,
        Montana; Antonia P. Marra, Deputy

---

Submitted on Briefs: May 30, 1986

Decided: July 29, 1986

Filed: JUL 29 1986

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Defendant Mr. Lattin appeals his criminal sentencing by Cascade County District Judge Thomas McKittrick, whom he had moved to disqualify. We affirm.

The issue is whether Judge McKittrick erred in assuming initial jurisdiction over the motion to disqualify and in denying that motion.

Mr. Lattin was charged with sexual assault upon his minor stepdaughter. On the date originally set for trial, he entered a guilty plea. Judge McKittrick ordered a pre-sentence investigation, revoked Mr. Lattin's bail, and set a sentencing date for the following month.

At his sentencing hearing, Mr. Lattin filed a motion to disqualify Judge McKittrick. The affidavit in support of the motion alleged bias or prejudice against Mr. Lattin, demonstrated in a discussion prior to the sentencing hearing, in which Judge McKittrick allegedly told Channing Hartelius, an attorney, that Mr. Lattin would receive a jail sentence. Although it was not required to do so, the court allowed evidence in support of the motion. Mr. Hartelius testified that about a month previously he had approached Judge McKittrick, at Mr. Lattin's request, about releasing Mr. Lattin on bail pending sentencing. He testified that Judge McKittrick had stated that "under the circumstances of this situation, that there would probably be some jail time."

The motion for disqualification was denied. Judge McKittrick found it was not timely filed, no cause was shown for failure to timely file, and the supporting affidavit did not allege a personal bias or prejudice. Mr. Lattin argues

2

that Judge McKittrick erred in proceeding with the sentencing after the filing of the motion for disqualification.

Section 3-1-802, MCA, provides in pertinent part:

> Whenever a party to any proceeding in any court makes and files a timely and sufficient affidavit that a judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein.
>
> In the case of a district judge, another district judge shall be assigned by the chief justice of the Supreme Court to hear such disqualification proceedings. . . The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than twenty days before the original date of trial, or good cause shall be shown for failure to file it within such time. It shall be accompanied by a certificate of counsel of record stating that it has been made in good faith.

Mr. Lattin argues that once his motion for disqualification and supporting affidavit were filed, Judge McKittrick had no further jurisdiction over this case. He cites State v. Duncan (Mont. 1981), 623 P.2d 953, 954, 38 St.Rep. 202, 204, in which this Court held that once a motion for disqualification of a district judge is made, the case comes "under the singular authority and jurisdiction of this Court." That case was decided under former § 3-1-801, MCA, (1981), which was substantially the same as the current law. Mr. Lattin also cites the holding from In re Marriage of Gahr (Mont. 1984), 689 P.2d 257, 259, 41 St.Rep. 1879, 1881-82:

> In all judicial proceedings, a judge may be disqualified for actual bias on the filing of an affidavit supporting that allegation. Upon receipt of such an affidavit, the presiding judge may do no more than to refer the matter to the Chief Justice, who, if the affidavit warrants an inquiry, will appoint another judge to hear the matter.

However, this Court has affirmed a district court's denial of an untimely motion for disqualification of a judge

3

for cause.  State v. Harvey (Mont. 1986), 713 P.2d 517, 43 St.Rep. 46.  The statute, by its terms, provides that a district court shall proceed no further wherever a timely and sufficient affidavit of bias or prejudice is filed.  The timeliness of the affidavit is an initial matter for the district court to determine.

Mr. Lattin's January 22, 1986 motion to disqualify Judge McKittrick was filed later than the statutory 20 days before the December 9, 1985 original date of trial.  He must show good cause for failure to timely file.  The affidavit in support of the motion for disqualification does not give any reason for Mr. Lattin's failure to timely file the motion and affidavit.  When the court allowed Mr. Lattin to present evidence in support of the motion, Mr. Hartelius testified that his conversation with Judge McKittrick had occurred "probably a month" before the sentencing hearing.  The month-long delay in filing the motion and affidavit was not explained.  We hold that Judge McKittrick properly found that the motion was not timely filed and good cause was not shown for failure to timely file the motion and affidavit.

We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

4

_John C. Sheehy_

_Frank B. Morrison_

Justices