No. 87-359

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

VERNON WESTLAKE, Personal Representative
of the Estate of HARRY D.R. LARSON, Deceased,

        Plaintiff and Appellant,

-vs-

CHARLES R. OSBORNE and LOIS MARIE OSBORNE,
Husband and Wife, and DENNIS HARDIN,

        Defendants, Respondents and
        Cross-Appellants.

---

APPEAL FROM: District Court of the Eighteenth Judicial District,
        In and for the County of Gallatin,
        The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        McKinley Anderson, Bozeman, Montana
        H. A. Bolinger, Jr., Bozeman, Montana

    For Respondent:

        Greg Morgan, Bozeman, Montana

---

Submitted on Briefs: Nov. 19, 1987

Decided: February 16, 1988

Filed: FEB 1 6 1988

*Ethel M. Harrison*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Vernon Westlake appeals an Eighteenth Judicial District Court judgment awarding damages and attorneys' fees to the Osbornes. The facts surrounding Westlake's initial complaint are more fully set forth in Westlake v. Osborne (Mont. 1986), 713 P.2d 548, 43 St.Rep. 200. In the first appeal of this case, this Court affirmed the District Court's grant of partial summary judgment to the Osbornes on Westlake's complaint.

This appeal concerns the District Court's judgment on the Osbornes' remaining counterclaims. The District Court found Westlake individually liable pursuant to § 72-3-612, MCA, and as personal representative of the estate, for unlawfully withholding possession of real property and awarded $8,265 in lost rental income to the Osbornes. The District Court also awarded $4,058.78 in costs and attorneys' fees pursuant to a clause contained in the original contract for sale. Westlake appeals the District Court judgment and the Osbornes cross-appeal. We affirm.

The facts pertinent to this appeal are undisputed. Before his death, Harry Larson sold his house to the Osbornes. The Osbornes paid some money down with the balance to be paid in monthly installments over a thirty-six month period. The Osbornes in turn leased the premises back to Larson. Larson's lease payments satisfied the Osbornes' monthly installment payments. The balance of the purchase price was to be deemed satisfied in the event Larson died before the end of the thirty-six month period. Larson died eight months after the transaction was closed. Westlake, as personal representative of Larson's estate, immediately took

2

possession of the property after Larson's death and denied access to the Osbornes.

Westlake brought this action on behalf of the estate of Harry Larson to set aside the contract of sale, deed and lease-back based on allegations of fraud, misrepresentation, undue influence, and unconscionability. The Osbornes counterclaimed for attorneys' fees and for lost rent during the period they were denied possession of their property. The Osbornes' counterclaim alleged that Westlake was liable as an individual and as personal representative of the estate. Westlake completely distributed the estate's assets despite the existence of the counterclaims.

In this appeal regarding the Osbornes' counterclaims, Westlake raises the following issues for our review:

1. Did the District Court err in not dismissing the Osbornes' counterclaims on the basis that this Court's previous ruling in Westlake v. Osborne (Mont. 1986), 713 P.2d 548, 43 St.Rep. 200, rendered such counterclaims res judicata?

2. Did the District Court err in holding Westlake personally liable for his acts as the personal representative of the estate of Harry D. Larson?

3. Did the District Court err in awarding attorneys' fees to the Osbornes?

4. Is there substantial credible evidence to support the Osbornes' action for unlawful detainer?

The Osbornes cross-appeal and raise two issues:

5. Did the District Court err in refusing to treble damages?

6. Did the District Court err in computing attorneys' fees?

Westlake first contends that the Osbornes' counterclaims were rendered res judicata by our holding in

Westlake v. Osborne (Mont. 1986), 713 P.2d 548, 43 St.Rep. 200. We note that it was Westlake who moved the District Court to certify the partial summary judgment as a final judgment so he could pursue the first appeal to this Court. Thereafter, the Osbornes filed a memorandum to request that the District Court certify the partial summary judgment pursuant to Rule 54(b), M.R.Civ.P., so Westlake could appeal. The District Court certified the partial summary judgment as final and specifically retained jurisdiction of the Osbornes' counterclaims pending the outcome of the first appeal. Westlake appealed and our review was limited to the question of whether the District Court erred in granting the motions for partial summary judgment. We affirmed the District Court and did not address the merits of the Osbornes' counterclaims at that time.

Westlake now claims that because the first appeal was premature, the counterclaims were rendered res judicata by our decision in Westlake, supra. Westlake's argument is without merit. In Roy v. Neibauer (1980), 188 Mont. 81, 86, 610 P.2d 1185, 1189, we stated that "Rule 54(b) [M.R.Civ.P.] requires that before a certification be made the trial court must find that there be 'no just reason for delay.'" The District Court expressly and carefully considered our decision in Roy, the factors contained therein, found no just reason for delay, and concluded that Rule 54(b) certification was proper. Certification was not contested by either of the parties or by this Court.

The District Court specifically retained jurisdiction of the counterclaims pending the first appeal. The partial summary judgment was properly certified for appeal and our decision in Westlake did not consider the merits of the Osbornes' counterclaims. The counterclaims were not,

4

therefore, res judicata and the District Court did not err in denying Westlake's motion to dismiss.

The second issue presented for our review concerns Westlake's individual liability for his actions as personal representative of the estate. Westlake first argues that he was not properly joined in this action in an individual capacity. The Osbornes counterclaimed against Westlake both individually and as personal representative. Westlake answered the counterclaim and alleged that he was not liable in his individual capacity. It was not until trial of the counterclaims that Westlake's counsel moved for dismissal of claims against him in an individual capacity. The Osbornes' attorney, though not conceding that it was necessary, also moved that Westlake be joined in his individual capacity. The District Court took both motions under advisement and eventually entered judgment against Westlake as an individual and as personal representative of the estate.

Joinder of parties under Rule 21, M.R.Civ.P., is discretionary with the district court. State ex rel. Stenberg v. Nelson (1971), 157 Mont. 310, 486 P.2d 870. We will not reverse the District Court's decision to join Westlake in his individual capacity absent a clear showing of an abuse of discretion. Our review of the District Court's decision to join Westlake as an individual is governed by the liberal standards applicable to amendments under Rule 15, M.R.Civ.P. White v. Lobdell (Mont. 1984), 678 P.2d 637, 641, 41 St.Rep. 346, 351.

It is clear to this Court that Westlake was on notice from the counterclaim that the Osbornes sought to hold him individually liable. The action against Westlake as an individual arose from the same occurrences as did the action against the estate. The District Court did not abuse its

5

discretion in allowing Westlake to be joined in his individual capacity during trial.

Westlake also contests his individual liability by asserting that the requirments of § 72-3-612, MCA, have not been met. Section 72-3-612(2), MCA, provides as follows:

> A personal representative is individually liable for obligations arising from ownership or control of the estate for torts committed in the course of administration of the estate only if he is personally at fault.

Westlake does not cite any authority to support his position but merely contends that he has done nothing which would warrant individual liability.

Westlake apparently overlooks his actions in wrongfully withholding possession of the Osbornes' property for over twenty-nine months. That these actions constitute a tort for which Westlake is personally at fault cannot be seriously disputed. The Osbornes were entitled to possession of the property upon Harry Larson's death. We previously determined that the Osbornes did not improperly acquire the property through fraud, undue influence, or unconscionability. Westlake, supra. The record reveals substantial credible evidence to support the District Court's decision to hold Westlake individually liable.

Westlake's third contention of error is that attorneys' fees are not recoverable in this suit. In his original complaint, Westlake alleged that he was entitled to attorneys' fees pursuant to the following clause contained in the contract for sale, deed and lease-back:

> 8. Enforcement. In the event either party shall bring legal proceedings to enforce any obligations hereunder or for the breach thereof, the prevailing party shall be entitled to recover attorneys'

6

> fees and costs paid or incurred therein
> in good faith.

In the complaint, Westlake sought to have the deed declared null and void and to set the deed aside. The Osbornes counterclaimed for unlawful withholding of the property and for attorneys' fees and costs pursuant to the same contract clause. Westlake now claims that he brought an action in tort and that this is not a contract action for which attorneys' fees are recoverable.

Westlake's argument regarding attorneys' fees is similar to the argument presented by the appellants in Winer v. Jonal Corporation (1976), 169 Mont. 247, 250, 545 P.2d 1094, 1096. Plaintiffs in Winer brought an action to recover damages and to rescind a contract based on allegations of fraud and conspiracy. Plaintiffs also claimed attorneys' fees pursuant to a contract clause. The District Court ruled in favor of the defendants and awarded attorneys' fees pursuant to the contract clause. Plaintiffs appealed to this Court and alleged that they brought an action in tort based on allegations of fraud under which an award of attorneys' fees was not authorized. This Court found no merit to this argument and affirmed the award of attorneys' fees. Winer, 545 P.2d at 1097.

Westlake's complaint, the subject of the first appeal, alleges claims in contract to rescind the deed and in tort for damages. The basis for both actions is the Osbornes' alleged misrepresentations, fraud and undue influence. Such alleged behavior, although not present in the instant case, may give rise to an action either in tort or in contract. Farnsworth, in his treatise on contract law, explains the similarities and differences between the two actions as follows:

In a system of contract law based on supposedly informed assent, it is in the interest of society as well as of the parties to discourage misleading conduct in the bargaining process. To this end both tort and contract law provide remedies for misrepresentation. The relevant rules of tort law trace their origins to the common law action of deceit. They allow the recipient of the misrepresentation to recover from its maker damages that, at their most generous, are based on the value that the bargain would have had to the recipient had it been as represented. Most of the relevant rules of contract law are derived from the action for recision that was originally brought in equity. They allow the recipient of the misrepresentation to undo the transaction by avoiding it, and they seek to restore the parties to the positions in which they found themselves before they made the agreement. In contrast to tort rules, they ask only what types of behavior are not tolerable as a basis of a bargain, not what types are actionable in damages.

E. Farnsworth, <u>Contracts</u>, § 4.9 at 232-233 (1982). Westlake's allegations of fraud and misrepresentation sound both in tort and in contract. Having sought to rescind the contract for sale, deed, and lease-back, Westlake cannot now claim that this is not an action in contract. Attorneys' fees and costs were properly awarded pursuant to the contract clause regarding such expenses. <u>Winer</u>, 545 P.2d at 1096.

Westlake's final issue pertains to the Osbornes' counterclaim for Westlake's unlawful withholding of the property for twenty-nine months. In his opening brief, Westlake characterizes the Osbornes' action as one for unlawful detainer under § 70-27-108, MCA, and argues that he was not given notice as required by that statute and by

8

§ 70-27-104, MCA. However, the Osbornes' counterclaim characterizes the action as one for unlawful possession and recovery of rent. The District Court's findings of fact and conclusions of law similarly describe the relief granted under the counterclaim.

Although counsel for both parties confused the matter by referring to unlawful detainer and forcible detainer interchangeably throughout the litigation, it is clear that the District Court disregarded these misnomers and awarded judgment to the Osbornes on a theory of wrongful occupation of real property. The measure of damages for an action for wrongful occupation includes "the value of the use of the property for the time of such occupation . . . " -- in this case, lost rent. Section 27-1-318, MCA.

The Osbornes' answer and counterclaims were filed more than four years before this appeal was filed. It is entirely too late to argue the form of the counterclaim on this appeal. Issues raised for the first time on appeal will not be considered. Shaffer v. Champion Home Builders Co. (Mont. 1987), ____ P.2d ____, ____, 44 St.Rep. 2196, 2199.

The final two issues in this appeal are raised by the Osbornes. The Osbornes first contend that the District Court erred in refusing to award treble damages in this case. On the basis of that argument, the Osbornes go on to argue in their second issue that the award of attorneys' fees should be raised to reflect the trebling of damages. The Osbornes' argument on the first issue must fail because damages may not be trebled absent statutory authority. Section 27-1-318, MCA, only authorizes an award of lost rent in this case. There is no statutory authority for treble damages under the facts as presented.

The Osbornes argue that § 70-27-205(2), MCA, authorizes an award of treble damages in an action for forcible

9

detainer. As previously mentioned, the District Court did not award judgment to the Osbornes under the forcible detainer statute. Accordingly, we hold that § 70-27-205(2), MCA, does not apply and the District Court did not err in refusing to treble damages. Because of the disposition of the Osbornes' first issue, we need not address the Osbornes' second issue regarding reconsideration of the attorneys' fees award.

The Osbornes' counterclaims were not rendered res judicata by our decision in the first appeal of this case. Judgment on these counterclaims, including an award of attorneys' fees and costs, was properly rendered against Westlake as an individual and as personal representative of the estate of Harry D. Larson. In addition, damage cannot be trebled under the facts and law of this case.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10