9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David DICKMAN, d/b/a/ Dickman Excavating,
Plaintiff-Appellee-Cross-Appellant,
v.
FORD NEW HOLLAND, INC., a corporation,
Defendant-Appellant/Cross-Appellee.
 Nos. 92-35200, 92-35230.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1993.
Decided Oct. 25, 1993.
 
 Before: GOODWIN, SCHROEDER, and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is a dispute over the sale of a tractor/backhoe to a Montana excavator. Dickman, the purchaser, contends that Ford New Holland, the seller, misrepresented the tractor's vintage. Dickman sued for fraud, and, after a jury trial, obtained a judgment in the amount of $62,000. Ford New Holland appeals, contending that the trial court erred in entering the $62,000 judgment. Dickman appeals the trial court's failure to provide the jury with an actual malice punitive damages instruction, and appeals the district court's denial of Dickman's motion for attorney's fees.
 
 
 3
 In 1989, Dickman discovered that the tractor he purchased from Ford New Holland had been manufactured in 1984, not in 1986 as he had believed.
 
 
 4
 The jury was instructed on elements of actual fraud and constructive fraud. It was further instructed that if it found that the defendant practiced constructive fraud or actual fraud upon the plaintiff, the jury might determine either that the plaintiff was entitled to rescind the contract, or that the plaintiff was entitled to damages in lieu of rescission. Specifically, the jury was instructed as follows:
 
 
 5
 You may determine either that: (1) plaintiff is entitled to rescind the contract ...; or (2) if you find that restoration to the original condition of the parties does not do justice between the parties because of the lapse of time, and use by plaintiff of the tractor-backhoe and its present value, you may determine such restoration or payment in money as the merits of the case demand.
 
 
 6
 Judge Holter gave the jury a special verdict form. The jury answered an interrogatory concerning actual fraud in the negative. It answered interrogatories concerning constructive fraud and whether constructive fraud had caused damage to Dickman in the affirmative. In response to the interrogatory "is the plaintiff entitled to rescind the contract for the purchase of his tractor or is he entitled to damages?", the jury answered "damages." It also found that at the time of sale, the difference in value between the 1984 tractor Dickman purchased and the 1986 tractor Dickman thought he was purchasing was $12,000, and that the difference in value in 1989, the time at which the fraud was discovered, was $22,000. Finally, in response to an interrogatory requesting the jury to specify the amount of damages to which Dickman was entitled, the jury entered $62,000.
 
 
 7
 Appellant Ford New Holland contends on appeal that the $62,000 verdict must be set aside because there is no support in the evidence for it. Appellant's position is correct. Dickman attempts to justify the result on the ground that the jury could have reached the $62,000 figure by computing damages, in accordance with the "rescission" instruction, to reflect Dickman's total out-of-pocket expenditure for the tractor, plus interest, in an effort to place Dickman in the same position he would have been in had he not purchased the tractor. The difficulty with this position is that Dickman retained the tractor, so that measure of damages would be inappropriate.[1] Dickman does, however, correctly point out that the jury was instructed without objection that it could award damages in lieu of a rescission remedy to do justice between the parties, taking into account the use by plaintiff of the tractor and its present value. By making a specific finding as to the difference in value between a 1984 tractor and a 1986 tractor at the time the fraud was discovered--the time at which Dickman's right to rescission accrued--the jury fixed this amount at $22,000. This is a proper measure of damages. See Restatement (Second) Torts § 549.
 
 
 8
 Ford New Holland contends that if the court finds that the $62,000 judgment is not supported by the evidence, it must enter a judgment in the amount of $12,000. The jury instructions, however, permitted the jury to award a measure of damages closely akin to a restitution payment, rather than damages equal to the benefit of the bargain at the time of sale. The court finds it appropriate to order the entry of judgment in an amount representing the jury's assessment of a proper restitution payment, or $22,000. See Los Angeles Nut House v. Holliday Hardware Corp., 825 F.2d 1351, 1356 (9th Cir.1987) (court may disregard general verdict and enter judgment in accordance with interrogatories only).
 
 
 9
 Dickman contends that the trial court erred in failing to instruct the jury on actual malice giving rise to punitive damages. We conclude that regardless of whether "actual malice," as defined in Mont.Code Ann. § 27-1-220 to -221, leaves room for an award of punitive damages in some constructive fraud cases, this is not such a case. The only rational choice for the jury was between finding intent to deceive or no intent to deceive. The jury found the latter. There was no evidence that would support a finding that Ford New Holland, although not intending to deceive, nevertheless recklessly ran the risk of deception. The trial court's decision not to instruct the jury on actual malice was not an abuse of discretion.
 
 
 10
 There remains a question of fees. Prior to trial, both parties claimed entitlement to fees, presumably in accordance with Mont.Code Ann. § 28-3-704. Although Dickman prevailed at trial, the district court declined to award fees. Under Montana law, a contractual provision giving one party the right to fees creates reciprocal rights to fees in all other parties to the contract. Id.; see Majers v. Shining Mountains, 750 P.2d 449, 454 (Mont.1988). The retail installment contract signed by Dickman, which was not fully executed at the time Dickman brought suit, purports to establish Ford New Holland's rights to attorney's fees. Although fees are specified for the limited purpose of reimbursing Ford New Holland for costs incurred in connection with repossession, the Montana Supreme Court has construed similar provisions very liberally, holding that § 28-3-704 establishes entitlement to fees for prevailing parties in all actions on a contract providing for fees. Preston v. McDonnell, 659 P.2d 276 (Mont.1983) (contract provision providing for attorney's fees for enforcement actions establishes right to fees in action to defend suit for rescission); see also Westlake v. Osborne, 750 P.2d 444, 447-48 (Mont.1988).[2] Because Dickman was the prevailing party at trial, we conclude that he should be awarded attorney's fees with respect to the trial court proceedings.
 
 
 11
 The judgment of the district court is vacated and the matter is remanded with instructions to enter judgment in favor of Dickman in the amount of $22,000 and to determine the appropriate amount of attorney's fees to be awarded Dickman. Each party is to bear its own costs and fees on appeal.
 
 
 12
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Dickman contends that he may keep the tractor and recover his full out-of-pocket expenditure as rescissionary damages because he owned a different tractor before the contract with Ford New Holland, and now is in the very same position he occupied before the sale. This argument ignores the fact that Dickman received more than $32,000 in the form of a trade-in allowance for his old tractor. "Compensatory damages are designed to compensate the injured party for actual loss or injury--no more, no less." Spackman v. Ralph M. Parsons Co., 414 P.2d 918, 921 (Mont.1966)
 
 
 [2]
 Ford New Holland correctly points out that under Sliters v. Lee, 641 P.2d 475, 476 (Mont.1982), a party loses its rights to attorney's fees by assignment of its rights under a contract. Sliters, however, does not hold that the assignment of a contract by one party extinguishes the attorney's fees rights of other parties to the contract, and such a result would be inequitable and indefensible